## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2019, 6:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander W. Robbins
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Wesley Chandler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 5, 2019

Court of Appeals Case No.
18A-CR-2823

Appeal from the Morgan Circuit Court

The Honorable Matthew G. Hanson, Judge

Trial Court Cause No.
55C01-1705-F3-993

**Bailey, Judge.**

# Case Summary

Richard Wesley Chandler ("Chandler") pleaded guilty to several offenses, the most serious of which was Battery Resulting in Bodily Injury to a Pregnant Woman, as a Level 5 felony.[1] Chandler now appeals his sentence, arguing that the trial court abused its discretion in sentencing him because the court did not address or identify as a mitigating factor Chandler's decision to plead guilty.

We affirm.

# Facts and Procedural History

In 2017, the State charged Chandler with eight counts: (1) Attempted Feticide, as a Level 3 felony;[2] (2) Criminal Confinement, as a Level 3 felony;[3] (3) Battery Resulting in Bodily Injury to a Pregnant Woman, as a Level 5 felony; (4) Strangulation, as a Level 6 felony;[4] (5) Criminal Confinement, as a Level 6

---

[1] Ind. Code § 35-42-2-1(c)(1), -1(g)(3).

[2] I.C. §§ 35-42-1-6 & 35-41-5-1.

[3] I.C. § 35-42-3-3(a), -3(b)(2)(A).

[4] I.C. § 35-42-2-9(b).

felony;[5] (6) Domestic Battery, as a Level 6 felony;[6] (7) Disorderly Conduct, as a Class B misdemeanor;[7] and (8) Criminal Mischief, as a Class B misdemeanor.[8]

[4] Chandler and the State reached a plea agreement whereby Chandler would plead guilty to Counts 3 through 8 in exchange for dismissal of the two leading counts. The parties left sentencing open for argument. At an ensuing plea hearing, Chandler admitted to having placed E.B., his pregnant girlfriend, in a headlock. Chandler admitted that he caused bodily injury, and had dragged E.B. out of a room while an eighteen-month-old child was in the residence. Chandler also admitted that he had E.B. call someone else to the residence, and that Chandler had confronted that person and damaged that person's vehicle.

[5] The trial court took the plea under advisement. The trial court later held a sentencing hearing at which it entered judgment of conviction, and sentenced Chandler to an aggregate sentence of six years in the Indiana Department of Correction and one year on home detention.

[6] Chandler now appeals.

---

[5] I.C. § 35-42-3-3(a).

[6] I.C. § 35-42-2-1.3(a)(1), -1.3(b)(2).

[7] I.C. § 35-45-1-3(a)(1).

[8] I.C. § 35-43-1-2(a).

# Discussion and Decision

[7] "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). We review sentencing decisions for abuse of discretion, which "occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court." *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013).

[8] In accordance with Indiana Code Section 35-38-1-3, "[b]efore sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing." If the court identifies aggravating or mitigating circumstances, then the court must enter a "statement of the court's reasons for selecting the sentence that it imposes." I.C. § 35-38-1-3. A court abuses its sentencing discretion by omitting a mitigating circumstance that is "clearly supported by the record and advanced for consideration." *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g* ("*Anglemyer I*"). A court need not identify every mitigating and aggravating circumstance, but it must "identify all *significant* mitigating and aggravating circumstances." *Id.* at 492-93 (emphasis added). Moreover, a court is not obligated to explain why it did not find a circumstance to be significantly mitigating. *Id.* at 493.

[9] Chandler argues that the trial court abused its sentencing discretion "when it failed to consider Chandler's guilty plea to be a mitigating factor and when it failed to find that the guilty plea was a mitigating factor." Appellant's Br. at 11.

Chandler points out that counsel advanced the plea for consideration as a mitigating factor, and that the court "fail[ed] to utter a single remark to acknowledge the guilty plea entered, address the argument trial counsel made, or to announce whether the guilty plea was a mitigator or not." *Id.*

[10] "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer I*, 868 N.E.2d at 493. Although "a defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return," the "significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer v. State*, 875 N.E.2d 218, 220-21 (Ind. 2007) ("*Anglemyer II*"). A plea "may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility." *Id.*

[11] When interviewed for his presentence investigation report, Chandler remarked: "I feel it's unjust." Tr. at 45.[9] Chandler later made the following statement at sentencing: "I want to apologize for what has occurred. I realize that things went a little farther than what they should have and I am very sorry about that, and I apologize to [E.B.] for my actions. . . . I am just truly sorry." *Id.* at 32. At sentencing, the court reflected on Chandler's in-court apology, noting the tension between his apology and his previous statement. The Court remarked

---

[9] The presentence investigation report does not appear in the appendix or as an exhibit, and so we cite to that portion of the transcript where the trial court indicated that it was reading from the report. This statement was referred to on more than one occasion at the sentencing hearing, drawing no objection.

that Chandler—when interviewed for the report—had not seemed to think that his actions were "either that criminal or that big of a deal" in that Chandler had remarked about injustice. *Id.* at 45. The trial court found that Chandler's previous statement "just kind of blows away your [mitigator], because you've said one thing out of one side and one thing out of another when you're here now facing me today. So, it really doesn't help mitigate anything in here." *Id.*

[12] In light of Chandler's inconsistent statements after entering the plea of guilty, the trial court could reasonably conclude that Chandler's decision to plead guilty was likely not the product of an acceptance of responsibility. Indeed, even in apologizing, Chandler referred to strangling his pregnant girlfriend as among things that "went a little farther than what they should have." Tr. at 32. Chandler has not demonstrated that the plea was a significant mitigating factor. Thus, "the trial court did not abuse its discretion by omitting reference to the plea when imposing sentence." *Anglemyer II*, 875 N.E.2d at 221.

[13] Affirmed.

Bradford, J., and Brown, J., concur.